IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROBERTO MANIER, | ) |
| Petitioner, | ) |
| | ) NO. 3:20-cv-00725 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| UNITED STATES OF AMERICA, | ) |
| Respondent | ) |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. No. 1, "Motion") filed by Petitioner. The Government has filed a response to the Motion. (Doc. No. 10, "Response").

Petitioner's Motion arises from his conviction on one count, namely possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On September 24, 2019, Petitioner pled guilty to this, the sole count of the single-defendant indictment that had been filed against him. (Case No. 3:17-cr-00062, Doc. No. 64). On July 8, 2020, the Court sentenced Petitioner to 180 months' imprisonment and three years of supervised release. (Case No. 3:17-cr-00062, Doc. No. 64). Thereafter, Petitioner did not file an appeal. On March 5, 2021, Petitioner filed the instant Motion raising four grounds for relief:

> *Ground One*: Petitioner received ineffective assistance of counsel when Petitioner found out he had prostate cancer prior to his sentencing hearing and his counsel did not ask for his sentencing hearing to be rescheduled to enable Petitioner to file a motion for downward departure due to his medical condition. (Doc. No. 1 at 4).
>
> *Ground Two*: The Court failed to *sua sponte* ask Petitioner if he wanted to reschedule his sentencing hearing after finding out that he had cancer. (*Id*. at 5).
>
> *Ground Three*: At the sentencing hearing, "the Judge said he did not agree with [his] two previous sentences and he was gonna make sure [Petitioner got] sufficient

amount of time on this sentence . . . seemed to [him] he was being sentenced off [his] previous two convictions not [his] crime presently." (*Id*. at 7).

*Ground Four*: Petitioner received ineffective assistance of counsel when his counsel failed to appeal Petitioner's sentence despite informing him that day of the sentencing hearing that he wished to do so. (*Id*. at 8).

In the Response, the Government opposes the first three grounds for relief (Ground One – Three). However, the Government agrees that Petitioner's Fourth Ground for relief is meritorious. The Government explains:

> But [Petitioner's] final claim—that his trial counsel rendered ineffective assistance of counsel by ignoring [Petitioner's] directive to appeal his sentence—appears to be meritorious. [Petitioner] has claimed, with some specificity, that [his counsel] ignored his directive to appeal his sentence, and [his counsel] has informed the undersigned that, based on his review of [Petitioner's] case file, he believes that he missed [Petitioner's] directive. Thus, the United States believes that [Petitioner] is probably entitled to take a delayed direct appeal of his original sentence.

(Doc. No. 10 at 2).[1]

"[A] defendant who claims ineffective assistance of counsel must prove (1) 'that counsel's representation fell below an objective standard of reasonableness'. . . and (2) that any such deficiency was 'prejudicial to the defense'." *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (quoting *Strickland v. Washington*, 466 U.S. 668, 686–88 (1984)).

Failure to file an appeal upon a defendant's express request is *per se* ineffective assistance of counsel. *Campbell v. United States*, 686 F.3d 353, 358 (6th Cir. 2012) (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998)). The Sixth Circuit has held "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal." *Id*. at 360; *see also Racey v.*

---

[1] The Government also suggests the Court stay any ruling on Petitioner's Motion, because of the pending appeal of Petitioner's compassionate release motion. This argument is moot because the Sixth Circuit affirmed the compassionate release ruling on February 25, 2021 (Sixth Circuit Case No. 20-5757, Doc. No. 13).

*United States*, No. 3:14-CR-89, 2020 WL 1977120 (E.D. Tenn. Apr. 24, 2020) (granting defendant's Section 2255 motion based on counsel's failure to file a notice of appeal and authorizing a delayed appeal as a proper remedy); *Ransom v. United States*, No. 1:13CR405-02, 2015 WL 4410103, at *3 (N.D. Ohio July 15, 2015) ("if the Court were to determine that petitioner explicitly requested that his trial counsel file a notice of appeal and his attorney failed to do so, he would be entitled to pursue a delayed appeal").

Here, the Government concedes that Petitioner's attorney failed to follow Petitioner's directive to file an appeal of his sentence. The Government represents that Petitioner's counsel "has, for his part, informed the undersigned that he 'apparently missed' filing [Petitioner's] appeal, and that he found a letter in [Petitioner's] file in which [Petitioner] asked [his counsel] about the progress of his appeal." (Doc. No. 10 at 12-13). In light of the Government's concession, the Court finds that Petitioner's counsel's failure to follow Petitioner's directive to file an appeal is *per se* ineffective assistance of counsel. *Campbell*, 686 F.3d at 358. Thus, Petitioner will be granted relief under Ground Four, and Petitioner is entitled to a delayed appeal.

Now the Court turns to the question of how to effectuate the remedy (*i.e.*, a delayed appeal) under these circumstances. In *Slater v. United States*, this Court was presented with a set of facts similar to those alleged here. 38 F. Supp.2d 587, 588–89 (M.D. Tenn. 1999). There, the defendant instructed her attorney to file an appeal of her conviction and sentence, the attorney failed to do so, and the defendant sought relief with the district court under 28 U.S.C. § 2255. *Id*. The Court held that the correct remedy was "to grant Petitioner a delayed appeal" and effectuated that remedy by vacating its original judgment and reentering the same judgment. *Id*. at 590 (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)). Moreover, the Sixth Circuit has endorsed this procedure for creating a new appeal window when a court finds ineffective assistance of counsel

led to a missed appeal. *Johnson v. United States*, 146 F. App'x 4, 5–6 (6th Cir. 2005); *see also United States v. Malone*, No. 3:17-CR-6-RGJ, 2018 WL 4558202, at *4 (W.D. Ky. Sept. 21, 2018) (following this procedure when granting a petitioner a delayed appeal); *Marsh v. United States*, No. 3:15-00002, 2015 WL 4921746, at *2 (M.D. Tenn. Aug. 18, 2015) (same). Accordingly, the Court will below order the Judgment vacated, and immediately reinstated to reinstate Petitioner's appeal window.

The Court now turns to Petitioner's three remaining grounds for relief (Grounds One – Three). Because the Court concludes that the Petitioner is entitled to a delayed appeal, the Court finds it unnecessary to rule on the merits of Petitioner's other claims. *See Marsh v. United States*, No. 3:15-cv-00002, 2015 WL 4921746, at *2 (M.D. Tenn. Aug. 18, 2015) (refraining from ruling on the petitioner's other grounds for relief when the court concluded that the petitioner was entitled to a delayed appeal). Nothing herein is intended to preclude the Petitioner from raising those claims on direct appeal or in a later collateral proceeding if otherwise permitted by applicable law. *See McIver v. United States*, 307 F.3d 1327, 1332 (11th Cir. 2002) (explaining that "'an order granting a § 2255 petition, and reimposing sentence, resets to zero the counter of collateral attacks pursued'"; therefore "[a] successful motion to file an out-of-time notice of appeal therefore does not render subsequent collateral proceedings 'second or successive.'" (quoting *Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998))).

## CONCLUSION

Accordingly, the Court concludes that the Petitioner is entitled to a delayed appeal, and the Motion is GRANTED in that limited aspect. The Court vacates its Judgment In A Criminal Case, filed in Case No. 3:17-cr-00062 (Doc. No. 71), and reenters the Judgment as of the date of entry of this Order. The Judgment otherwise remains unchanged. **The Petitioner is advised that he has**

**a right to appeal the re-imposed judgment and that the deadline for filing a notice of appeal is 14 days after the date of the filing of the re-imposed sentence, pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A) (i).**

The Clerk of Court is directed to file a copy of this Memorandum and Order in Criminal Case No. 3:17-cr-00062.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE